IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
CHLOE SULLIVAN,                            )
      Plaintiff,                           )
                                           )
vs.                                        ) CASE NO.:
                                           )
PROP AND ROTOR MANAGEMENT LLC,             )
PENNY P. PROPERTIES LLC d/b/a              )
NWIRENTAL.COM, GARY FUND 2 LLC,            )
      Defendants.                          )
```

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action brought by Plaintiff, Chloe Sullivan, by counsel, against Prop and Rotor Management LLC ("Prop and Rotor"), Penny P. Properties LLC. d/b/a NWIRENTAL.COM ("NWI Rental"), and Gary Fund 2 LLC ("Gary Fund"), collectively referred to as "Defendants," for violations of the Fair Housing Act, 42 U.S.C. §3601 et. seq. and related state law claims.

I.     JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §1331, §1343; and 42 U.S.C. §3613.

2. This action arises under the Fair Housing Act, 42 U.S.C §3604 and §3617.

3. This Court has supplemental jurisdiction of Plaintiff's state law claims, pursuant to 28 U.S.C. §1367, as they arise from the same case and controversy as her federal claims.

4. Venue is proper in the Northern District of Indiana, Hammond, Division, pursuant to 28 U.S.C. §1391, as the unlawful housing practices occurred in Lake County, Indiana, within the jurisdiction of the United States District Court for the Northern District of Indiana.

## II. PARTIES

5. Plaintiff Chloe Sullivan is a tenant at Boardwalk Apartments, 1340 Washington Street, Gary, Indiana 46407 ("Boardwalk Apartments").

6. At all relevant times during Plaintiff's tenancy, Prop and Rotor served as the landlord over her home.

7. At all relevant times during Plaintiff's tenancy, NWI Rentals and Prop and Rotor served as the property management companies for Plaintiff's apartment.

8. At all relevant times during Plaintiff's tenancy, Gary Fund was the owner of the dwelling where Ms. Sullivan resided.

## III. FACTUAL ALLEGATIONS

9. Chloe Sullivan ("Sullivan") is a woman who resides at Boardwalk Apartments.

10. Sullivan is a single mother with two teenage daughters.

11. At the end of September 2023, Sullivan entered into a lease agreement with Prop and Rotor for a two-bedroom, one bath apartment at Boardwalk Apartments.

12. The property management company that handled most day-to-day operations at Boardwalk Apartments was NWI Rentals.

13. Early in Sullivan's tenancy, she began an intimate relationship with the Maintenance Manager, who introduced himself to her as "Josh."

14. The property management company informed Plaintiff that "Josh" was an employee of Prop and Rotor.

15. Sullivan and Josh's relationship continued for just over one month.

16. In early November 2023, Sullivan ended the relationship with Josh.

17. When Sullivan ended the relationship, Josh refused to make repairs on her unit unless she had sex with him.

18. Upon information and belief, Josh was not submitting repair requests and refused to come personally to make repairs.

19. Sullivan lived without a toilet for an extended amount of time and had to leave her home when her and her daughters needed to use the toilet.

20. Sullivan also, for several weeks, was unable to use her kitchen sink and had to wash dishes in the bathtub and do other cooking duties through the use of her bathroom.

21. On one occasion, Sullivan overheard an apartment employee refer to "Josh," as "Jacob."

22. Sullivan asked Josh why other employees were calling him "Jacob." Josh stated he had no idea why they were mistakenly calling him Jacob.

23. Sullivan informed the property managers, NWI and Prop and Rotor, about the outstanding repairs.

24. Sullivan informed the property managers about Josh's refusal to complete repairs in the absence of sexual favors, but her concerns were not addressed.

25. Even after Sullivan's complaints, Josh was allowed to remain at the property.

26. Josh still had access to Sullivan's apartment unit.

27. Upon information and belief, Josh had access to Sullivan's property up until the time she moved out.

28. Sullivan informed the owners of the property of Josh's conduct, but was allowed to remain at the property with continued access to Sullivan's home.

29. Upon information and belief, Josh accessed Sullivan's home while no one was there.

30. Sullivan later discovered that "Josh's" real name is Jacob Spivey.

31. Sullivan was forced to leave her home due to concerns for her safety and the safety of her family.

32. Sullivan was also forced to leave her home because the housing conditions were not suitable, and the unit no longer met the health and safety standards required for her subsidized housing assistance.

33. Sullivan was constructively discharged due to Defendants' conduct.

34. Sullivan suffered and continues to suffer damages as a result of the Defendants' discriminatory conduct.

35. The unlawful actions alleged in this Complaint were intentional and were done with reckless disregard of Sullivan's right to equal and fair housing.

## IV. LEGAL CLAIMS

### COUNT I- VIOLATION OF FAIR HOUSING ACT BASED ON SEX (SEXUAL HARASSMENT), 42 U.S.C. §3604

36. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-35.

37. Defendants engaged in discriminatory housing practices when they applied different terms and conditions of housing based on Plaintiff's sex or gender.

38. Defendants made housing unavailable by constructively discharging Plaintiff based on her sex or gender.

39. Defendants engaged in quid pro quo harassment based on sex in violation of the Fair Housing Act.

40. Defendants denied Plaintiff fair housing based on her sex or gender.

41. Defendants created a hostile housing environment based on Plaintiff's sex or gender.

42. The Defendants' actions resulted in Plaintiff's damages.

## COUNT II- VIOLATION OF FAIR HOUSING ACT-INTERFERENCE
## 42 U.S.C. §3617

43. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-42.

44. Defendants interfered with the full use and enjoyment of Plaintiff's home in violation of the Fair Housing Act.

45. Defendants' actions resulted in Plaintiff's damages.

## COUNT III-VIOLATION OF INDIANA FAIR HOUSING ACT
## BASED ON SEX, I.C. 22-9.5-5-1

46. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-45.

47. Defendants have discriminated in the terms, conditions, and privileges of a rental unit, and in providing services and facilities in connection with the rental of a dwelling based on Plaintiff's sex.

48. Defendants' actions were in violation of the Indiana Fair Housing Act.

49. Defendants' actions resulted in Plaintiff's damages.

## COUNT IV- NEGLIGENCE

50. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-49.

51. Defendants owed a duty of ordinary care and skill in the operation and management of its apartment units.

52. Defendants had a duty to provide a safe and habitable home to Plaintiff, as well as a home free from discrimination.

53. Defendants owed a duty of adherence and compliance with federal and state fair housing laws.

54. Defendants breached their duty of care, and duty to provide a safe and habitable home to Plaintiff.

55. Defendants breached their duty of adherence and compliance with the federal and state fair housing laws.

56. Plaintiff is entitled to damages based on Defendants' negligence.

## COUNT V-CONSTRUCTIVE EVICTION

57. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-56.

58. Defendants engaged in harassment and a denial of services that resulted in the dwelling being unfit for Sullivan to reside in.

59. The harassment and denial of services led to Plaintiff's constructive eviction.

60. Plaintiff suffered damages as a result of Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff does hereby request the following as relief:

1. Enter judgment in favor of Plaintiff;

2. Grant a permanent injunction enjoining Defendants, its officers, agents, employees, subcontractors and all persons in active concert or participation with them, from engaging in any discriminatory housing practice;

3. Grant a permanent injunction enjoining Defendants, its officers, agents, employees, and all persons in active concert or participation with them, from applying and enforcing its terms and conditions in a discriminatory manner;

4. Order Defendants jointly and severally liable for compensatory damages, as well as any special damages arising out of Defendants' unlawful conduct;

5. Award compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions, including but not limited to, inconvenience, emotional distress, humiliation, and embarrassment, in amounts to be determined at trial;

6. Award punitive damages;

7. Award all costs, attorneys' fees, and expenses incurred as a result of pursing this action;

8. Award pre- and post-judgment interest in all sums recoverable; and

9. Award all other legal and/or equitable relief this Court deems just and proper.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____
Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a jury trial as to all issued deemed triable.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____
Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200

Indianapolis, IN 46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com